**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN INSTITUTE OF CHEMICAL ENGINEERS, *et al.*,<br><br>　　　　　　*Plaintiffs*,<br>　　v.<br><br>CHRISTOPHER WRIGHT, in his official capacity as Secretary of Energy, *et al.*,<br><br>　　　　　　*Defendants*. | Case No. 26-cv-1063 APM |

**[PROPOSED] STIPULATED JUDGMENT**

The parties stipulate as follows:

1. In *City of Saint Paul v. Wright*, No. 25-cv-3899 (D.D.C.), a group of prime awardees, subawardees, and beneficiaries of grants from the U.S. Department of Energy (DOE) challenged the termination of their awards under the Fifth Amendment's equal protection guarantee and the First Amendment. The plaintiffs alleged that DOE terminated the relevant awards because the prime grantees were located in States that voted for Vice President Harris in the 2024 election and currently have elected two Senators who caucus with the Democratic party ("Blue States"). The plaintiffs moved for a preliminary injunction and consolidation under Federal Rule of Civil Procedure 65(a)(2).

2. After conferral between the *Saint Paul* plaintiffs and the government, and several hearings with the court, the parties agreed to enter into a stipulation in lieu of further discovery or a trial. *See* Stipulation, *Saint Paul*, No. 25-cv-3899 (D.D.C. Dec. 23, 2025), Dkt. 27. Under the stipulation, the government agreed that, with respect to the seven awards at issue in the litigation, the government would not contest that (i) the awards were comparable to retained

awards to prime awardees not in Blue States and (ii) "[a] primary reason for the selection of which DOE grant termination decisions were included in the October 2025 notice tranche was whether the grantee was located in a 'Blue State.'" *Id.* The government also represented to the court that "it would be legally sufficient for equal protection purposes," and specifically for purposes of rational basis review, "to find that a primary reason for the termination decisions at issue is because of location in blue states," if the court determined that primary reason was not rationally related to a legitimate government interest. *City of Saint Paul v. Wright*, 2026 WL 88193, at *5 (D.D.C. Jan. 12, 2026) (alterations omitted) (quoting 12/18 Status Conf. Tr. in *Saint Paul*, Dkt. No. 23, at 8:13–17, 7:11–24, 25:24–25); *see also* 12/17 Status Conf. Tr. in *Saint Paul*, Dkt. No. 21, at 14:9–15:4; 12/22 Status Conf. Tr. in *Saint Paul*, Dkt. No. 25, at 13:23–14:1.

3.      On January 12, 2026, with the parties having stipulated to consolidation of the preliminary injunction motion with trial on the merits under Rule 65(a), this Court ruled in favor of the *Saint Paul* plaintiffs on their Fifth Amendment equal protection claim and vacated the October termination notices as to the seven awards at issue in the case. *City of Saint Paul, Minnesota v. Wright*, No. 25-CV-03899 (APM), 2026 WL 88193, at *1 (D.D.C. Jan. 12, 2026).

4.      Plaintiffs in the present case are seven DOE awardees who, like the *Saint Paul* plaintiffs, are located in a Blue State and had one or more DOE awards terminated in the same October 2025 set of DOE terminations that were at issue in *Saint Paul*.

5.      Given that this case presents parallel legal and factual issues as *Saint Paul*, the parties have conferred and agree that it is in the interest of justice and judicial economy for the parties to enter into the same stipulations as in *Saint Paul*. Specifically, solely for the purposes of

the present litigation and for no other purpose, with respect to the eleven financial awards[1] at issue in this litigation, Defendants stipulate not to contest the following factual assertions:

    a.  The eleven terminated awards, all of which have prime awardees in States that tend to elect and/or have recently elected Democratic candidates in state and national elections (so-called "Blue States"), are comparable to certain other U.S. Department of Energy ("DOE") awards that (a) are to prime awardees not in Blue States, and (b) did not receive letters terminating their awards in October 2025. *See* Stipulation ¶ 1, *Saint Paul*, No. 25-cv-3899 (D.D.C. Dec. 23, 2025), Dkt. 27.

    b.  A primary reason for the selection of which DOE grant termination decisions were included in the October 2025 notice tranche was whether the grantee was located in a "Blue State." *See* Stipulation ¶ 2, *Saint Paul*, No. 25-cv-3899 (D.D.C. Dec. 23, 2025), Dkt. 27.

6.    Solely for purposes of this case, Defendants also agree to maintain the representation made by the government in *Saint Paul* that "it would be legally sufficient for equal protection purposes to find that a primary reason for the termination decisions at issue is because of location in blue states." *City of Saint Paul v. Wright*, 2026 WL 88193, at *5 (D.D.C. Jan. 12, 2026) (alterations and quotations omitted).

7.    The parties further agree that, if the Court were to apply its reasoning in *Saint Paul* to this case, the Court would vacate the termination notices for the eleven awards at issue in this case. Accordingly, if the Court so-orders this proposed stipulated judgment, the termination notices for the eleven awards will be vacated.

---

[1]  Award Nos. EE0011338, EE0010947, EE0010949, EE0011557, EE0010623, EE0010901, EE0011558, EE0011559, EE0011560, EE0011326, and EE0011010.

8.      Plaintiffs have agreed to forgo seeking attorneys' fees and costs if this stipulated

resolution of the case is entered. Accordingly, the parties agree that if the Court so-orders this

proposed stipulated judgment, entry of final judgment would be appropriate.

9.      Nothing in this stipulation shall prevent Defendants from appealing a judgment in

Plaintiffs' favor in this case or in *Saint Paul*.

Dated: June 10, 2026                    Respectfully submitted,

                                        */s/ John Robinson*
                                        Daniel F. Jacobson (D.C. Bar 1016621)
                                        Stephen K. Wirth (D.C. Bar 1034038)
                                        John Robinson (D.C. Bar 1044072)
                                        JACOBSON LAWYERS GROUP PLLC
                                        5100 Wisconsin Ave. NW, Suite 301
                                        Washington, DC 20016
                                        Tel: (301) 823-1148
                                        dan@jacobsonlawyersgroup.com

                                        *Counsel for Plaintiffs*

                                        JEANINE FERRIS PIRRO
                                        United States Attorney

                                        */s/ Allison I. Brown*
                                        ALLISON I. BROWN
                                        Assistant United States Attorney
                                        601 D Street, NW
                                        Washington, DC 20530
                                        (202) 252-7822
                                        allison.brown2@usdoj.gov

                                        *Attorneys for the United States of America*

**SO ORDERED:**

The Court enters judgment in favor of Plaintiffs. The October termination notices for

Award Nos. EE0011338, EE0010947, EE0010949, EE0011557, EE0010623, EE0010901,

EE0011558, EE0011559, EE0011560, EE0011326, and EE0011010 are hereby vacated. This is a final, appealable judgment.

_____
Amit Mehta
U.S. District Judge